UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| RICHARD C. HAYDEN, | ) | Case No. 10-10895-WHD |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, AS RECEIVER | ) | |
| COMMUNITY BANK OF WEST | ) | |
| GEORGIA | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD C. HAYDEN, | ) | |
| JAMES G. BAKER, TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |

**FDIC'S EXPEDITED MOTION TO MODIFY PERMANENT INJUNCTION PURSUANT TO §524(e) TO PERMIT PROCEEDINGS AGAINST <u>AVAILABLE LIMITS</u> OF DEBTOR'S LIABILITY INSURANCE POLICY**

The Federal Deposit Insurance Corporation, the entity named as movant in the caption above (the "FDIC"), hereby moves pursuant to 11 U.S.C. § 524(e) to modify the permanent injunction imposed by §524(a) to permit the FDIC to proceed with litigation and recovery against the available limits of a certain insurance policy or policies covering debtor Richard C. Hayden ("Hayden"). The FDIC intends to file, try to final judgment, and to collect judgment on litigation to

1

be styled as *Federal Deposit Insurance Corporation, as Receiver for Community Bank of West Georgia versus Richard C. Hayden (for liability to insurance policy coverage only), Delmas C. Lindsey, Dwayne H. Myrick, W. Kenneth Blair, Loretta M. Griffin, Robert G. Harris, Jr., R. Bryant Hightower, Jr., J. Paul McWilliams, Mark K. Schrews (for liability to insurance policy coverage only), H. Boyd Stevens, Robyn S. Worley,* N.D.Ga. Civil Action Number to be assigned, with debtor expressly named as a nominal defendant only. The liability insurance policy covering Hayden was never property of the debtor or of the estate, and the FDIC is permitted by law to maintain the action solely to the extent of the liability policy limits covering him.

The FDIC further requests that this Court set this matter for hearing as soon as practicable, as the FDIC has been authorized to file the Complaint in the contemplated action on or before June 8, 2012. The FDIC provided counsel of record with a complete copy of the substance of this Motion (with the exception of this paragraph) in un-filed form on April 11, 2012. Under the circumstances, the FDIC submits that expedited treatment is both appropriate and non-prejudicial.

In support of this Motion, the FDIC shows as follows:

**Jurisdiction and Background**

1.   Debtor Hayden filed this Chapter 7 case on March 8, 2010.

2. James G. Baker (the "Trustee") was appointed trustee of the estate of the debtor Hayden following termination of the previously appointed trustee, Griffin E. Howell, III.

3. The debtor was discharged January 5, 2011 with a resulting permanent injunction pursuant to 11 U.S.C. § 524(a).

4. This motion is made under 11 U.S.C. § 524(e) and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

5. The Court has jurisdiction under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

6. This is a core proceeding.

7. The FDIC is the receiver for the now failed Community Bank of West Georgia ("CBWG").

8. Debtor Hayden was an officer and director of CBWG and, as such, was covered by a directors and officers liability policy or policies.

9. The FDIC intends to file its Complaint against debtor Hayden, among others not party to these bankruptcy proceedings, in the United States District Court for the Northern District of Georgia in the near future. Debtor Hayden is to be named as a nominal defendant in the FDIC's Complaint.

10. The gravamen of the FDIC's Complaint as to debtor Hayden comprises the common law torts of negligence and gross negligence, for which insurance coverage exists.

11. The FDIC must establish the liability of debtor Hayden as a precondition to recovery from the directors and officers liability policy.

### Grounds for Relief

12. Proceeds of a debtor's liability insurance policy, such as the instant directors' and officers' liability policy, are not property of the debtor's bankruptcy estate. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir. 1989) (holding that, pursuant to § 524(e), a plaintiff may proceed against a discharged debtor "simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable"). A plaintiff may sue a debtor nominally in order to collect insurance proceeds without violating the 11 U.S.C. § 524(a) permanent injunction. *In re Fine Air Servs.*, 2005 WL 3190398 (S.D. Fla. 2005); *In re W.G. Wade Shows, Inc.*, 234 B.R. 185 (M.D. Fla. 1999).

13. Although reopening the bankruptcy and modifying the permanent injunction is not strictly necessary, it reflects an abundance of caution. *In re Doar*, 234 B.R. 203, 207 (Bkrtcy.N.D.Ga. 1999).

14. Good cause exists to allow the FDIC to try its case, debtor Hayden will not be unduly burdened by this duty of cooperation in the defense of the

FDIC's complaint, and no great prejudice will result to either the bankruptcy estate or the debtors from prosecution of the FDIC's Complaint.

WHEREFORE, Movant, the Federal Deposit Insurance Corporation, respectfully requests that this Court enter an Order Modifying the Permanent Injunction in order for the FDIC to prosecute the above-described action solely for the purpose of seeking directors' and officers' liability policy insurance proceeds with respect to the debtor's liability.

Respectfully submitted this 23rd day of April, 2012.

          SIMKINS HOLLIS LAW GROUP, PC
          Attorneys for Movant FDIC

BY: _____/S. Paul Smith/_____
          Jeanne Simkins Hollis
          Georgia Bar No. 646890
          S. Paul Smith
          Georgia Bar No. 663577
          1924 Lenox Road, NE
          Atlanta, GA  30306
          (404)474-2328 phone
          (770)587-0726 FAX
          jshollis@shlglaw.com
          psmith@shlglaw.com
          *Attorneys for the Federal Deposit*
          *Insurance Corporation, as Receiver of*
          *Community Bank of West Georgia*

CERTIFICATE OF SERVICE

I certify that, on April 23, 2012, I sent a copy of the foregoing by U.S. mail, in envelopes with sufficient postage affixed, addressed to:

*Trustee*
Cathy L. Scarver
Post Office Box 672587
Marietta, Georgia 30006

*Counsel for Richard C. Hayden*
Robert R. Ambler, Jr.
Womble Carlyle Sandridge & Rice LLP
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017

*Counsel of Record*
Herbert C. Broadfoot, II
Ragsdale, Beals, Seigler, et al.
2400 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303

_____/S. Paul Smith/_____